81  137,
s184s294

## Illinois Central R. R. Co. v. J. H. Anderson.

1. ORDINARY CARE—*Persons in Sudden Peril.*—Ordinary care does not require one absolutely to refrain from exposing himself to peril. The fact that a person voluntarily takes some risk is not conclusive evidence under all circumstances that he is not using due care, and if a plaintiff is suddenly put into peril without having sufficient time to consider all the circumstances, he is excusable for omitting some precautions.

Trespass, for negligently running its engine against a car which the plaintiff was loading. Trial in the Circuit Court of Effingham County; the Hon. WILLIAM M. FARMER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

WOOD BROS., attorneys for appellant; SIDNEY F. ANDREWS, of counsel.

S. F. GILMORE and G. F. TAYLOR, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This is an action of trespass, brought by appellee against appellant, for unlawfully, negligently and willfully running its engine, with cars attached, against a car in which appellee was loading hogs, whereby he, in the exercise of ordinary care, was thrown from the car to the ground and severely injured.

The immediate facts are, that appellee was a shipper of live stock over appellant's railroad, and on the 30th of November, 1897, at about the hour of noon, at Mason, a station on appellant's road, was loading a car of hogs on the switch track, for shipment to Chicago, when appellant's local freight train, coming from the south, bound north, stopped at the station a short time and uncoupled the locomotive and two cars, and ran north to the switch track and backed south to switch out a car of wood standing on the switch track south of the car loaded by appellee. There was nothing to obstruct the vision of the train crew, as the engine

and two cars were backing in on the switch track to couple on to the cars there.

At the time the engine and cars backed down the switch track appellee had got his hogs into the car, and had thrown back the apron connecting the stock chute with the car, and stepped into the door of the car, and was holding on to the bar, a plank about six inches wide, across the open door space, and about three and a half feet from the floor of the car, his feet on the floor of the car and his body outside of the bar, trying to keep his hogs from getting out of the door, and at the same time, with the aid of his brother, trying to close the car door, when the cars came together and he was knocked or jarred off the car to the ground, a distance of six or more feet, at the place where the car was standing, and falling on a tie of the road, one or more of his ribs were broken, the ligaments of his ankle ruptured, and he was otherwise seriously injured and probably never will fully recover.

The verdict was for $1,000 damages, on which judgment was rendered.

Counsel for appellant, in their statement of the case, say : " Various errors are assigned on the record covering the action of the court below, but it is believed that the one questioning that in overruling appellant's motion for a new trial and in arrest of judgment substantially presents the whole case here."

We think this suggestion correct.

No point is made in the brief in regard to the introduction by plaintiff of improper evidence, hence the claim of error in that respect is waived.

The shipping contract between the parties, by which the price of shipment of the hogs to Chicago was fixed at eight cents a hundred pounds, and that the shipper assumed the duty of loading and unloading, feeding and watering them at his own expense and risk, and that the company should not be liable except for its gross negligence, was offered in evidence by defendant, and on objection by plaintiff it was excluded from the jury and defendant excepted.    We think

I. C. R. R. Co. v. Anderson.

the contract should have been admitted in evidence; but we are unable to see how its exclusion could have materially injured appellant, hence the judgment should not be reversed for that error alone.

It is insisted that appellee's first and second instructions were erroneous—the first because it was too broad, under the undisputed facts of the case, and the second because it was too general.

As to the first, it is insisted by counsel that there is no evidence in the record tending to show that appellant negligently or willfully ran an engine or cars against a car upon which appellee was. This view of the evidence is entirely incorrect, as it not only strongly tended to show negligence, but also recklessness of a gross character under the circumstances.

The second instruction was upon the measure of damages, and if it be conceded that it was general, the instruction that immediately followed it was full and specific, and more than covered the point embraced in the second.

Appellant asked for ten instructions in its behalf. The court gave the first five as asked, and modified the sixth and seventh, and gave them as modified, and refused the remainder. The modification of the instructions are in italics, and the sixth modified instruction is as follows:

6.  "If you believe from the evidence that Anderson saw the approach of the engine and cars, and that they were about to strike against the one in which his hogs were contained, *and if you further believe from the evidence that the plaintiff was in a position he knew to be perilous to his safety from such contact,* then he would not be justified or authorized in law to take the risk of remaining in or on the car to prevent his hogs from escaping."

Appellee was not a trespasser in the place where he was, but was invited and permitted to be upon the company's property, to do a lawful, necessary act, that could be done nowhere else, and the act was as much for the benefit of appellant as of appellee; and if, under the circumstances, the right of either was superior, it was with appellee, as he was at the place first, and was doing an act as necessary as

the running of a train, and the entire train crew (although new to the run) knew, or by the commonest observation should have known, where he was and what he was doing, or endeavoring to do, and the necessity for him to remain there until the door of the car was closed. Under the circumstances, the railroad company owed him a duty not to unnecessarily injure him while he was endeavoring to prevent, by the imperfect method provided by the company, his hogs from getting out of the car, and probably by so doing becoming greatly damaged. Had the instruction been given without modification, it would have been error, since it would have taken from the jury an important question, for them alone to determine, viz., whether appellee was, under the circumstances, exercising that care for his personal safety which an ordinarily prudent person, similarly situated, would have exercised. The instruction as modified was fully as favorable to appellant as it had any right to claim; and the modification of it was not error.

The evidence shows that the fireman and appellee were on the same side of the switch track, and that the fireman was looking directly at appellee, and that appellee signaled and hallooed the fireman to stop; and yet the fireman, who was on the opposite side of the locomotive to the engineer, failed to notify the engineer of the impending trouble. Under such circumstances, it became a question for the jury to determine whether appellee acted as a reasonably prudent, careful person, under similar circumstances, would have acted for his own safety.

It is true the evidence shows that the "run" of the crew of the local freight train was new to them, but this fact, instead of being an excuse for running blindly, furnished a good reason why the switching should have been cautiously done.

What has been said about appellant's sixth instruction will apply to instructions 8 and 10, as each laid down an inflexible rule of conduct for appellee to have followed, and ignored the right and duty of the jury to pass upon the question of the exercise of ordinary care under the circumstances.

The ninth instruction told the jury that unless they found from a preponderance of the evidence that the defendant was grossly negligent in handling its cars at the time of the alleged injury to plaintiff, their verdict must be for the defendant. The instruction entirely ignored plaintiff's rights in the premises, and treated him as a trespasser, and it was properly refused.

As to appellant's seventh instruction, we are of opinion that there is not such error in the modification complained of as, under the evidence in this case, calls for a reversal of the judgment.

It follows from what has already been said that appellant's motion for a new trial, on the ground that plaintiff was guilty of such contributory negligence as precluded a right of recovery, and that the verdict was not supported by the evidence, as well as its motion in arrest of judgment, were properly overruled.

There being, in our judgment, no reversible error in the record, the judgment is affirmed.